**STINE, Plaintiff-Appellant, v. ATKINSON, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4026.   Decided December 18, 1947.

Jerome Goldman, Cincinnati, for plaintiff-appellant, and for the motion.

Eagleson & Laylin, Columbus, Hugh S. Jenkins, Atty. Genl., Columbus, John M. Woy, Asst. Atty. Genl., Columbus, for defendants-appellees, and contra the motion.

**OPINION**

By THE COURT.

Submitted on application of appellant for rehearing on our decision affirming the judgment of the Common Pleas Court.

We have adopted the contention of appellant that we should take judicial notice of the rule or order under which the Common Pleas Court acted in dismissing plaintiff's petition.

So doing, we find that this case came on for consideration upon a specific order promulgated by the Presiding Judge and signed by him and all other Judges of the Court, as follows:

"COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO.

"Miscellaneous order of Court Dropping and Dismissing Cases from the Court Docket under Number——.

Order of Dropping and Dismissing Cases. It is ordered that non-active cases now pending in this Court under Number—— be called in Room No.—— on the 23rd day of September 1946 at 9:30 o'clock and be dismissed or dropped from the Docket of said Court, unless good cause be shown at said call why the same should not be done."

And the entry employed in this case and other cases acted upon under the special rule was as follows:

"Upon the call of the case, and no good cause being shown why this case should be retained, it is ordered by the court that it be dismissed without record or prejudice, at the costs of plaintiff."

This order was made after the usual legal notice by publication.

Upon the broad language of the order the Court could properly give consideration to the subject matter of its rules, either 12 (a) or 12 (b), and could use the principle there embodied, or could consider any other sound reason for dismissal and act accordingly.

In the situation thus presented, we cannot say upon any subject matter which is properly before us that the Court abused its discretion in dismissing plaintiff's petition.

The application for rehearing will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.